**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **WESLEY WARD,**<br><br>Plaintiff,<br><br>v.<br><br>**FIRST NATIONAL BANK OF PASCO,**<br><br>Defendant. | Civil Action No. 25-16291 (ZNQ) (RLS)<br><br>**OPINION** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue by First National Bank of Pasco ("Defendant"). (Motion, ECF No. 17.) Defendant submitted a Brief in support of its Motion. ("Moving Br.," ECF No. 17-1.) Plaintiff Wesley Ward ("Ward" or "Plaintiff") filed a Brief in Opposition ("Opp'n Br.," ECF No. 18) to which Defendant filed a Reply ("Reply Br.," ECF No. 21.)

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **GRANT** the Motion.

## I. BACKGROUND

Wesley Ward received an employment offer from Defendant in January 2025. (Compl. ¶ 6; Compl. Ex. A, ECF No. 1-2, "Offer Letter.") The Offer Letter promised Plaintiff an annual compensation of $250,000 and a $45,000 guaranteed bonus at the end of 2025. (*Id.* ¶ 7.) The employment offer was for a term of three years and provided "[i]f your employment is

terminated for cause (as defined in the change in control agreement) all agreements will be voided." (Offer Letter.) In June 2025, Plaintiff "unexpectedly received a two-sentence email terminating his employment." (Compl. ¶ 15.) Plaintiff had not been terminated "for cause" and Ward's supervisor complimented his job performance, integrity, and honesty. (*Id.* ¶¶ 12, 14.) Plaintiff commenced this suit against his former employer, alleging breach of contract (Count I) and breach of the implied covenant of good faith and fair dealing (Count II).

## II. SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.

## III. LEGAL STANDARD

Pursuant to Rule 12, a complaint is subject to dismissal for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). The plaintiff "bears the burden of demonstrating the facts that establish personal jurisdiction." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). "If the district court does not hold an evidentiary hearing, the plaintiff[ ] need only establish a *prima facie* case of personal jurisdiction." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (internal quotations and citation omitted). "It is well established that in deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003). Still, "[w]hile disputed issues are construed in favor of the plaintiff, allegations may be contradicted by the defendant through opposing affidavits or other evidence, at which point the plaintiff must respond with 'actual proofs, not mere allegations.'" *Am. Bd. of Internal Med. v. Rushford*, Civ. No. 14-6428, 2015 WL 5164791, at *5 (D.N.J. Sept. 2, 2015) (quoting *Patterson by Patterson v. FBI*, 893 F.2d 595, 603 (3d Cir. 1990)).

# IV. <u>DISCUSSION</u>

## A. PERSONAL JURISDICTION

There are two categories of personal jurisdiction — general jurisdiction and specific jurisdiction. *See Daimler AG v. Bauman*, 517 U.S. 117, 127–28 (2014) (distinguishing specific jurisdiction from general jurisdiction). Here, Plaintiff does not dispute in his brief that the Court lacks general jurisdiction as to Defendant. (Opp. Br. 6–13) (asserting only specific jurisdiction).

Specific jurisdiction involves a three-part inquiry. First, the defendant must have "purposefully directed [its] activities" at the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotation omitted). Second, the litigation must "arise out of or relate to" at least one of those activities. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). And third, if the first two requirements have been met, a court may consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *Burger King*, 471 U.S. at 476 (internal quotation omitted). "[T]he defendant's conduct and connection with the forum State" must allow for him to "reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 452, 474 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). "[A] defendant's relationship with a plaintiff or a third party, standing alone, is an insufficient basis for jurisdiction." *Walden v. Fiore*, 517 U.S. 277, 284 (2014). A single contact alone will not "automatically establish sufficient minimum contacts in the other party's home forum." *Id.* at 478.

Plaintiff argues that his employment by Defendant suffices to establish the minimum contacts necessary for the exercise of personal jurisdiction. Plaintiff alleges that Defendant's CEO "visited [Plaintiff] at his New Jersey home on multiple occasions." (Opp'n Br. at 8.) According to Plaintiff, Defendant furnished him with "office materials (including a laptop and home printer)

to use to work from his New Jersey home, gave access to [Defendant's] computer systems in order to facilitate his work in New Jersey, and initiated New Jersey payroll and taxes." (*Id.*). According to Plaintiff, he was able to perform "critical executive job functions" for Defendants while in New Jersey and Defendant knew that Plaintiff was able to "attend meetings from his New Jersey home." (*Id.* at 7-9.)

Plaintiff's most compelling argument for personal jurisdiction that puts him outside the bounds of an average remote employee is that Defendant's CEO visited him at home in New Jersey multiple times prior to his employment.[1] It is true that "physical entry into the State … through an agent . . . is certainly a relevant contact." *Walden*, 571 U.S. at 285. Still, the remainder of the minimum contacts alleged by Plaintiff — his employment, reimbursement for home office incidentals, teleconferences — are random, fortuitous, and attenuated contacts that are the product of Plaintiff's unilateral decision to reside in New Jersey. They are therefore insufficient. *Burger King*, 471 U.S. at 475. On balance, the Court finds Defendants' contacts with New Jersey, as a forum, do not meet the minimum standard to warrant personal jurisdiction.[2]

---

[1] Defendant disputes that its then-CEO, John Zazzera, visited Plaintiff at his home for any business purpose. (Reply Br. at 6.) It claims its Board of Directors was not aware of the travel, nor did Zazzera seek reimbursement for his travel expenses. (*Id.*) Zazzera, however, did not submit a supporting declaration explaining the purpose of his travels. Defendant's current CEO, Paul O'Neil, instead filed a declaration on its behalf, attesting merely that "[t]o the best of [his] knowledge, Defendant was unaware of any to travel to New Jersey by Mr. Zazzera for a business purpose on behalf of Defendant." (ECF No. 21-1 ¶ 5.) This assertion is of little value. To the extent that Defendant disputes the purpose of Zazzera's visit, it offers no credible alternative as to why Zazzera would have visited a would-be employee at his home. Regardless, in this context and as noted above, the Court is required to accept Plaintiff's allegations as true, and to construe disputed facts in his favor. Nonetheless, for reasons set forth herein, the Court finds it lacks personal jurisdiction as to Defendant.

[2] Even if Defendants' contacts met the minimum standard, the Court further finds that haling Defendant into court here would not comport with "traditional notions of fair play and substantial justice." Defending this action in New Jersey would place a burden on Defendant. It maintains no presence in New Jersey. It owns no property and has no other employees in New Jersey. Also, most of the relevant witnesses and documents are in Florida. And, should Plaintiff prevail, he can more directly enforce a judgment in Florida where Defendant is located. On the other hand, New Jersey does have interest in protecting the contractual/employment rights of its residents. The remaining factors favor neither party. Accordingly, the Court finds that the balance tips decidedly in Defendant's favor.

### B. TRANSFER PURSUANT TO 28 U.S.C. § 1631

Next, the Court must address whether dismissal or transfer of the Amended Complaint is warranted. Here, Defendant has proactively identified the Middle District of Florida. Plaintiff does not dispute that the Middle District of Florida would be a proper venue. When a court determines that it does not have jurisdiction over a case, it "shall, if it is in the interest of justice, transfer [the case] to any other court in which the action . . . could have been brought at the time it was filed . . . ." 28 U.S.C. § 1631; *see Christianson v. Colt Indus. Op. Corp.*, 486 U.S. 800, 818 (1988) ("[28 U.S.C. § 1631] confers on the Federal Circuit authority to make a single decision upon concluding that it lacks jurisdiction — whether to dismiss the case or, 'in the interest of justice,' to transfer it to a court . . . that has jurisdiction.")). Section 1631 requires a two-part inquiry where the Court must find (1) that the action "could have been brought" in the transferee district and (2) that the transfer is in the interest of justice.

"A court must have the power to decide the claim before it (subject-matter jurisdiction) and power over the parties before it (personal jurisdiction) before it can resolve a case." *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017). As to subject matter jurisdiction, Plaintiff brings his claims in federal court under diversity of citizenship pursuant to 28 U.S.C. § 1332(a). (Compl. ¶ 3.) Plaintiff alleges that damages exceed $75,000. (*Id.* ¶ 27.) Therefore, the Court concludes that the Middle District of Florida would have subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. The Middle District of Florida has general jurisdiction over Defendant because it is incorporated in Florida and has its primary place of business in Florida. (Compl. ¶ 2; Moving Br. at 4.) The Middle District of Florida would be a proper venue because that is where Defendant resides. (28 U.S.C. § 1391) ("[Venue is proper] in a judicial district in

which any defendant resides, if all defendants are residents of the State in which the district is located.")

Having found the Middle District of Florida is proper, the Court next considers whether the interests of justice favor the transfer by weighing convenience and fairness on a case-by-case basis. *See D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 110 (3d Cir. 2009). Whether a transfer would be in the interest of justice is within the Court's discretion. *See Kim v. Korean Air Lines Co.*, 513 F. Supp. 3d 462, 476 (D.N.J. 2021). "When jurisdiction is clearly available in another court, as here, normally transfer will be in the interest of justice because dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." *Id.* (internal quotations and alterations omitted) (quoting *SM Fin. Servs. Corp. v. Blue Cross Blue Shield*, Civ. No. 19-17497, 2020 WL 7869213, at *2 (D.N.J. July 16, 2020)). Plaintiff's arguments against transfer rely upon this Court having the authority to adjudicate this claim in the first place. (*See* Opp'n Br. at 17–19). However, because the Court concludes it lacks personal jurisdiction over the claim, these arguments are moot. As a result, and without any other concerns raised before it, the Court will transfer the action to the Middle District of Florida.

## V. CONCLUSION

For the reasons stated above, the Court will **GRANT** the Motion and transfer the action to the Middle District of Florida. An appropriate Order will follow.

Date: October 30, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**